Skowhegan Bank *versus* Baker & *al.*

Upon a promissory note, the owner can maintain no action in the name of another, without his express or implied consent.

Where a note is made payable to, but not discounted by a bank, and it has no interest in it whatever, an action thereon commenced in its name and prosecuted without its authority, cannot be sustained.

Whether an action on such a note, could be maintained in the name of the bank, even with its assent, *quere.*

On Report, from *Nisi Prius*, Tenney, J., presiding.

Assumpsit, on a promissory note, payable to plaintiffs or order at the bank.

At the term the action was entered, the defendants caused notice to be entered on the docket, that the plaintiffs' appearance was called for. The counsel in answer to the call, stated that he received the note from a person claiming to be the lawful holder of the same, and was by him directed to bring the suit. His appearance was allowed.

At a subsequent term, without waiving the call, the defendant pleaded the general issue which was joined.

The note was introduced, and defendants then showed by the cashier of said bank, that the note in suit was never discounted by the bank, and they claimed no interest in it.

The defendants also called the counsel for the plaintiffs, by whom it appeared, that he received the note of Abel Nutting, who claimed to be the owner, and directed the commencement of the suit, who also informed him that he received the note for value of one Hill. It was also testified by him that he had received no directions or authority from said bank or any of its officers in relation to the note.

Upon this evidence, the Court were to draw such inferences as a jury might, and render judgment by nonsuit or otherwise.

*Leavitt*, for plaintiffs.

*J. S. Abbott*, for defendants.

1. The note sued was never discounted by the bank, and was never offered for discount. There has never been any

Lang *v.* Whitney. · ·

contract or agreement, express or implied, between these parties. Nor has there been any transaction out of which any implied promise could arise.

Hence this action, which is founded upon contract, cannot be maintained.

2. There has been no waiver of the call for plaintiffs' appearance ; and the facts show no authority to commence this action in the plaintiffs' name. *Prescott* v. *Brinley & al.* 6 Cush. 233 ; *Adams Bank* v. *Jones & al.* 16 Pick. 574.

Appleton, J. — The note in suit was made to be discounted at the Skowhegan Bank. The evidence conclusively shows that it never was discounted there, and that the bank has no interest direct or indirect in the result of this action. It never authorized its commencement and does not now sanction its further prosecution. The right of the attorney, assuming to act for the plaintiffs, to appear, was seasonably contested, · and no authority from the bank was shown. In a case like the present the law is well settled, that no action can be maintained without an express or implied assent on the part of the plaintiffs. *Adams Bank* v. *Jones*, 16 Pick. 574. As the note was made to be discounted at the Skowhegan Bank and as the surety signed with the expectation that it would be so discounted, it is by no means certain that the action could be maintained with their assent, as they have no interest in the demand. *Prescott* v. *Brinley & al.* 6 Cush. 234.                                     *Plaintiffs nonsuit.*

Shepley, C. J., and Tenney, Rice, and Cutting, J. J., concurred.